J-S65021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENISE D. WHITE | |
| Appellant | No. 3563 EDA 2013 |

Appeal from the Judgment of Sentence November 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009139-2009

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 25, 2014**

Appellant, Denise D. White, appeals from the judgment of sentence entered on November 22, 2013, as made final by the denial of Appellant's post-sentence motion on December 5, 2013.   On this direct appeal, Appellant's court-appointed counsel has filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1]   We conclude that Appellant's counsel has complied with the procedural requirements necessary to affect withdrawal.   Moreover, after independently reviewing the record, we conclude that the instant appeal is

---

[1] ***See also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

*Retired Senior Judge assigned to the Superior Court.

wholly frivolous. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On January 7, 2013, Appellant entered an open guilty plea to aggravated assault and endangering the welfare of a child.[2] During the plea colloquy, Appellant admitted that she was pleading guilty to both charges because she was, "in fact, guilty of those offenses." N.T. Guilty Plea Hearing, 1/7/13, at 26. Further, Appellant admitted that, if the case went to trial, the Commonwealth would be able to prove, beyond a reasonable doubt, the facts underlying the crimes. *Id.* at 25-27. Specifically, Appellant admitted to the following underlying facts: on January 16, 2009, Appellant was inside her Philadelphia house when she immersed her seven-month-old son in a vase full of boiling water, inflicting upon her son "substantial third degree burns to [25] percent of his lower back, [as well as to his] abdomen, genitalia, [and] upper thighs." *Id.* at 11-22. During the colloquy, Appellant also admitted that, at some point in the prior two months, her son had sustained blunt force trauma to the head; this blunt force trauma resulted in her son suffering a "chronic subdural hematoma with two [] skull fractures." *Id.* at 11-22.

Prior to pleading guilty, Appellant read and signed a detailed, five-page written guilty plea statement. *See* Written Guilty Plea Statement, 1/7/13, at

_____

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and 4304(a)(1), respectively.

- 2 -

1-5. Moreover, prior to accepting Appellant's plea, the trial court conducted a lengthy and inclusive oral colloquy. N.T. Guilty Plea Hearing, 1/7/13, at 3-27. After the colloquy, the trial court found, as a fact, that Appellant's plea was "knowing[ly], voluntary[ily], and intelligent[ly]" entered. *Id.* at 27. Therefore, the trial court accepted Appellant's plea and deferred sentencing, pending a pre-sentence investigation and psychiatric report. *Id.*

On November 22, 2013, the trial court sentenced Appellant to serve an aggregate term of two to four years in prison for her convictions. N.T. Sentencing, 11/22/13, at 36-38. Appellant did not file a motion to withdraw her plea. Instead, Appellant filed a timely post-sentence motion, wherein Appellant requested that the trial court "issue an [o]rder modifying [Appellant's] sentence, and reducing [her sentence to a term of] 11 ½ to 23 month[s]" in county jail. Appellant's Post-Sentence Motion, 12/2/13, at 1-2. The trial court denied Appellant's post-sentence motion on December 5, 2013 and Appellant filed a timely notice of appeal to this Court.

On appeal, Appellant's court-appointed counsel has filed a petition for leave to withdraw and has accompanied this petition with an *Anders* brief. Within the *Anders* brief, Appellant essentially claims: that the Philadelphia Court of Common Pleas did not have jurisdiction over her case; that she should have been permitted to withdraw her plea, as her plea was involuntary; that her plea counsel was ineffective for failing to fully advise her of the consequences of pleading guilty; and, that her sentence is illegal. *See* Appellant's Brief at 8-9.

- 3 -

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

- 4 -

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5, *quoting* ***McClendon***, 434 A.2d at 1187.  It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel has met all of the above procedural obligations.[3]  We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.  Our analysis begins with the issues raised in the ***Anders*** brief.

Appellant first claims that the Philadelphia County Court of Common Pleas did not have jurisdiction over her case.  This claim is frivolous.

18 Pa.C.S.A. § 102 establishes the territorial applicability of Pennsylvania's Crimes Code.  In relevant part, this section provides:

> (a) General rule. – Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if []:
>
> > (1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth[.]

18 Pa.C.S.A. § 102(a).

---

[3] Appellant has not responded to counsel's petition to withdraw.

In the case at bar, Appellant admitted that the crimes to which she pleaded guilty occurred in her Philadelphia house. *See* N.T. Guilty Plea Hearing, 1/7/13, at 18. Since "each court of common pleas within this Commonwealth possesses the same subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code," and since Appellant admitted that the crimes to which she pleaded guilty occurred in Philadelphia, the Philadelphia Court of Common Pleas undoubtedly possessed subject matter jurisdiction to resolve Appellant's criminal case. *Commonwealth v. Bethea*, 828 A.2d 1066, 1075 (Pa. 2003). Appellant's claim to the contrary is frivolous.

Next, Appellant claims that she should have been permitted to withdraw her guilty plea, as her plea was involuntary. This claim is waived, as Appellant failed to raise this claim before the trial court.

Under our rules and precedent, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, to preserve a challenge to a guilty plea, the individual must raise the issue prior to sentencing, at sentencing, or in a post-sentence motion. Failing this, the challenge is waived. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002). In the case at bar, Appellant failed to confront the trial court with any challenge to her guilty plea. The current issue is thus waived.

- 6 -

For her third issue on appeal, Appellant claims that her counsel was ineffective for failing to fully advise her of the consequences of pleading guilty. This claim is unreviewable on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review"); *Commonwealth v. Holmes*, 79 A.3d 562, 620 (Pa. 2013) ("absent [certain, specified] circumstances [(that are inapplicable to the case at bar)] claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal").

Finally, Appellant claims that her sentence was illegal. This claim is frivolous, as Appellant admits that her sentence was "at the lowest part of the minimum of the [sentencing] guidelines." Appellant's Brief at 9. Therefore, since Appellant's sentence does not exceed the statutory maximum term, Appellant's final claim on appeal is frivolous.

We have thus independently considered the issues raised within the *Anders* brief and have determined that they are frivolous, waived, or unreviewable on direct appeal. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw appearance.

Petition to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014