J-S70004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DERRICK JAHEEL SMITH | |
| Appellant | No. 682 EDA 2016 |

Appeal from the Judgment of Sentence February 2, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001706-2015

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 02, 2016**

Appellant, Derrick Jaheel Smith, appeals from the judgment of sentence entered on February 2, 2016. On this direct appeal, Appellant's court-appointed counsel has filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to affect withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On May 21, 2015, Appellant entered a negotiated guilty plea to driving under the influence of a controlled substance ("DUI"), general impairment

and reckless driving.[1]  That day, the trial court sentenced Appellant to serve a term of six months' intermediate punishment.

On August 12, 2015, Appellant was arrested in Philadelphia and charged with possessing instruments of crime, terroristic threats, violation of a protection from abuse order, and resisting arrest.  Further, on September 15, 2015, Appellant was arrested due to a warrant issued by the New Jersey courts.  As a result of these charges, Appellant's probation and parole officer claimed that Appellant was in violation of the terms of his intermediate punishment and the officer thus requested that the Court of Common Pleas of Delaware County issue a bench warrant/detainer for Appellant.  On September 25, 2015, the Court of Common Pleas of Delaware County issued the requested bench warrant/detainer.

On January 6, 2016, while Appellant was represented by counsel, Appellant filed a "petition for writ of habeas corpus for lack of inter-county requisition" in the Court of Common Pleas of Delaware County.  Within Appellant's *pro se* petition, Appellant requested his immediate release from jail and the discharge of the detainer because the "detainer now is the sole reason for [Appellant's] incarceration."  Appellant's *Pro Se* "Petition for Writ of Habeas Corpus for Lack of Inter-County Requisition," 1/6/16, at 1.  The clerk of courts accepted Appellant's *pro se* petition for filing and forwarded a

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3736(a), respectively.

copy of the document to Appellant's attorney of record. **See** Docket Entry at 1/6/16. However, the trial court did not rule on Appellant's *pro se* petition.

On February 2, 2016, as a result of the New Jersey charges, the trial court held a **Gagnon II**[2] hearing and, at the conclusion of this hearing, the trial court found that Appellant was in violation of the terms of his intermediate punishment. The trial court then revoked Appellant's intermediate punishment and, on the underlying DUI conviction, the trial court resentenced Appellant to serve a term of 72 hours to six months in jail. N.T. **Gagnon II** Hearing, 2/2/16, at 4. Appellant then filed a timely notice of appeal to this Court.

On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and accompanied this petition with an **Anders** brief. Counsel's **Anders** brief raises one potential appellate claim:

> The **Gagnon** sentence imposed on February 2, 2016 should be vacated because a January 6, 2016 *pro se* motion challenging inter-county jurisdiction, requisition and venue, and the Detainers Act, 42 Pa.C.S.A. §§ 9101-9108, is matched with no docketed dispositional order.

Appellant's Brief at 3.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the

appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel has met all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

On appeal, Appellant claims that his judgment of sentence must be vacated because the trial court failed to rule on the *pro se* petition he filed while he was represented by counsel. ***See*** Appellant's *Pro Se* "Petition for Writ of Habeas Corpus for Lack of Inter-County Requisition," 1/6/16, at 1. Appellant's claim on appeal is frivolous.

In this case, Appellant was actively represented by counsel when he filed his *pro se* "Petition for Writ of Habeas Corpus for Lack of Inter-County Requisition." As such, the trial court correctly refused to consider Appellant's *pro se* petition. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993) ("there is no constitutional right to hybrid representation either at trial or on appeal"); ***Commonwealth v. Pursell***, 724 A.2d 293, 302 (Pa. 1999) ("[w]e will not require courts considering PCRA petitions to struggle through the *pro se* filings of [petitioners] when qualified counsel represent[s] those [petitioners]"); ***Commonwealth v. Ruiz***, 131 A.3d 54, 56 n.4 (Pa. Super. 2015) (the defendant's "*pro se* motion to modify sentence . . . was a legal nullity . . . [because] he was represented by counsel" at the time); Pa.R.Crim.P. 576(A)(4) (where a represented criminal

- 5 -

defendant submits a *pro se* document for filing, "the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, [] place the document in the criminal case file[, and forward a copy of the document] to the defendant's attorney and the attorney for the Commonwealth"); Pa.R.Crim.P. 576 cmt. (Rule 576(A)(4)'s "requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response").

Therefore, since the trial court was not required to rule on Appellant's *pro se* filing, Appellant's claim on appeal is frivolous.

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw appearance.

Petition to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/2/2016</u>