J-S88005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENYA CLARKE, | |
| Appellant | No. 503 EDA 2016 |

Appeal from the Judgment of Sentence of December 14, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004775-2015

BEFORE:  OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **Filed January 17, 2017**

Appellant, Kenya Clarke, appeals from the judgment of sentence entered on December 14, 2015, as made final by the denial of Appellant's post-sentence motion on January 11, 2016.   On this direct appeal, Appellant's court-appointed counsel has filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).   We conclude that Appellant's counsel has complied with the procedural requirements necessary to affect withdrawal.   Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.   We, therefore, grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court has ably summarized the underlying facts of this case:

*Retired Senior Judge assigned to the Superior Court.

On May 11, 2015, [Appellant] was arrested and [the Commonwealth subsequently] charged [him] with[:] 1) receiving stolen property; 2) possession of a small amount of marijuana; 3) criminal misconduct/damaging property intentionally, recklessly or negligently; 4) disorderly conduct – engaged in fighting[;] 5) disorderly conduct [; 6)] firearms not to be carried without a license; [7)] [] possession of a controlled substance . . . ; and[, 8)] use/possession of drug paraphernalia. The prosecution proceeded with charges one and two, while charges three through [eight] were dropped.

On December 14, 2015, [Appellant] entered into a negotiated guilty plea to counts one and two, to serve a max[imum] sentence of [23] months, with credit for time served from May 12, 2015 to August 11, 2015. Additionally, [Appellant] was sentenced to one year of probation to be served consecutively, and per count two, [30] days of probation to be served concurrently. [Appellant] also agreed to undergo a drug and alcohol evaluation and enroll in and successfully complete any recommended treatment. . . .

Trial Court Opinion, 7/18/16, at 1-2.

On December 21, 2015, Appellant filed a motion to withdraw his guilty plea. Within Appellant's motion, Appellant alleged that "a medical condition prevented him from making a knowing, intelligent[,] and voluntary plea." Appellant's Motion to Withdraw Guilty Plea, 12/21/15, at 1.

On January 11, 2016, the parties appeared before the trial court for a hearing on the motion. During the hearing, Appellant testified that he remembered pleading guilty on December 14, 2015 and that he was not

- 2 -

taking any medication that day.[1]  N.T. Post-Trial Motion Hearing, 1/11/16, at 5-6.  Moreover, in regards to whether Appellant's failure to take medication that day affected his "condition,"[2] Appellant testified:

> My therapist said I should have been taking it and I should have told the judge that I had mental problems, but I don't – I've been living with this problem all my life and I thought it was normal.  I don't think it's a mental problem, but she said it is.

*Id.* at 6.

Appellant also testified that he currently takes the prescription medication Prozac and "another medicine . . . I'm not sure what it's called." *Id.* at 10.

Other than the above testimony, Appellant presented no evidence that even touched upon whether he suffered from "a medical condition [that] prevented him from making a knowing, intelligent[,] and voluntary plea."[3]

---

[1] The record is unclear as to whether Appellant had a prescription for medication on the day he pleaded guilty and there is no evidence as to what that prescription might have been.

[2] There is no evidence as to what Appellant's "condition" might have been.

[3] During the post-trial motion hearing, Appellant introduced, and the trial court admitted, a letter that was, apparently, written by a "Ms. Evans."  The letter was admitted for the purpose of "allow[ing the letter] . . . to speak [to] the testimony of Ms. Evans who would come and testify to this."  N.T. Post-Trial Motion Hearing, 1/11/16, at 3-4.  The letter was not read into evidence and it is not included in the certified record.  As such, we consider the letter "to be non-existent" on appeal. ***Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2005), *quoting* ***Eichman v. McKeon***, 824 A.2d 305, 316 (Pa. Super. 2003) ("this Court may not consider anything that is not part of the official certified record: [a]ny document which is not part of

*(Footnote Continued Next Page)*

Appellant's Motion to Withdraw Guilty Plea, 12/21/15, at 1; *see* N.T. Post-Trial Motion Hearing, 1/11/16, at 1-11.

The trial court denied Appellant's motion to withdraw his guilty plea on January 11, 2016 and Appellant filed a timely notice of appeal to this Court.

On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and accompanied this petition with an *Anders* brief. Counsel's *Anders* brief raises one potential appellate claim:

> Was the trial court in error for denying [Appellant's] motion to withdraw his guilty plea when same was not knowingly, voluntarily[,] and intelligently made?

Appellant's Brief at 4.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

_____
*(Footnote Continued)*

the official certified record is considered to be non-existent") (internal quotations omitted).

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel substantially complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

On appeal, Appellant claims that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. Appellant's claim on appeal is frivolous.

This Court has summarized the applicable standard of review and substantive rules regarding an order denying a post-sentence motion to withdraw a guilty plea:

> A defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently.
>
> . . .
>
> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the [trial] court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.
>
> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:
>
> > (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
> >
> > (2) Is there a factual basis for the plea?
> >
> > (3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

This Court has further summarized:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

Finally, we apply the following when addressing an appellate challenge to the validity of a guilty plea:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

> A defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1046-1047 (Pa. Super. 2011) (internal corrections and footnotes omitted) (some internal citations and quotations omitted).

In the case at bar, Appellant sought to withdraw his guilty plea because, he claimed, he suffered from "a medical condition [that] prevented him from making a knowing, intelligent[,] and voluntary plea." Appellant's Motion to Withdraw Guilty Plea, 12/21/15, at 1. However, during the hearing on Appellant's post-sentence motion, Appellant introduced no evidence: that he suffered from an identifiable medical condition; that his "condition" affected his ability to enter a knowing, intelligent, and voluntary plea; or, that his "condition" affected him in any manner whatsoever. Thus, Appellant failed to satisfy his burden of production, as Appellant failed to put forth any evidence to show that his plea was not knowing, intelligent, and voluntary. *See Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa. Super. 2008) ("[o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him"). Therefore, Appellant's claim that "the trial court [erred in] denying [his] motion to withdraw his guilty plea" is frivolous.

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw appearance.

Petition to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017