**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Maryanne MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 9, 1998.

Filed July 7, 1998.

**1204**

Thomas J. Carroll, Norristown, for appellant.

Patricia E. Coonahan, Assistant District Attorney, Norristown, for the Commonwealth, appellee.

Before HUDOCK, MUSMANNO, and MONTEMURO *, JJ.

MUSMANNO, Judge.

Maryanne Miller appeals from a judgment of sentence imposing upon her an aggregate term of imprisonment of four and one-half (4 ½) to ten (10) years followed by a three-year term of probation. She pled guilty, pursuant to an agreement, to one count each of involuntary deviate sexual intercourse ("IDSI"), 18 Pa.C.S .A. § 3123, and corruption of minors, 18 Pa.C.S.A. § 6301. In addition to filing this appeal, Miller's counsel has petitioned for leave to withdraw and has presented an Anders[1] Brief.

Miller's convictions arose from events that occurred between September 1994 and September 1995. During that period, Miller and her husband and co-defendant, David Miller, supplied alcoholic beverages and marijuana to seven neighborhood youths. In addition, Maryanne Miller engaged in sexual relations with two twelve-year old boys. In exchange for Miller's guilty pleas, the Commonwealth nol prossed numerous other charges[2] and

---

* Retired Justice assigned to Superior Court.

**1.** Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**2.** The Commonwealth nol prossed the following charges: seven counts of endangering the welfare of children, 18 Pa.C.S.A. § 4304, and furnishing liquor to minors, 18 Pa.C.S.A.

agreed not to seek a five-year mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718. Miller subsequently filed a Petition for Reconsideration of Sentence, which she ultimately withdrew. This appeal followed.

■ As a preliminary matter, we must determine whether this appeal was filed timely in order to determine if this Court has jurisdiction to address this appeal. Pa. R.A.P. 903(a).[3] If this Court has no jurisdiction, we must dismiss the appeal. *State Farm Mut. Auto. Ins. Co. v. Schultz,* 281 Pa.Super. 212, 421 A.2d 1224, 1225–26 (1980) ("[O]ur jurisdiction to hear [an] appeal is predicated upon the timely filing of the notice of appeal...."); *see also* Pa.R.A.P. 741(b) (stating that a defect in the jurisdiction of an appellate court arising out of the failure to effect a timely filing cannot be waived). The record in this case indicates that the trial court sentenced Miller on February 3, 1997. Miller filed her Petition for Reconsideration of Sentence on February 12, 1997,[4] which was within the ten-day time limit prescribed by the Rules of Criminal Procedure. Pa.R.Crim.P. 1410(A)(1). The trial court scheduled a hearing on Miller's Petition for March 5, 1997. On the day of the hearing, Miller, against the advice of counsel, withdrew her Petition for Reconsideration of Sentence. On April 3, 1997, Miller filed her Notice of Appeal to this Court. This Notice was filed twenty-nine days after the withdrawal of the Petition for Reconsideration of Sentence and fifty-nine days after the sentence was imposed.

If a post-sentence motion is denied by order of the trial court, a defendant has thirty days from the entry of that order to file a notice of appeal. Pa.R.Crim.P. 1410(A)(2);[5] *Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 658 A.2d 395 (1995). If the post-sentence motion is denied by operation of law because the trial court failed to decide it within 120 days of filing, the notice of appeal must be filed within thirty days of the order denying the motion by operation of law. Pa.R.Crim.P. 1410(B)(3)(a)[6] and 1410(A)(2);[7] *Commonwealth v. Braykovich,* 444 Pa.Super. 397, 664 A.2d 133 (1995).

In this case, however, we are confronted with a voluntary withdrawal of a post-sentence motion, not a denial of the motion by the trial court or by operation of law. Neither Pennsylvania Rule of Criminal Procedure 1410 nor the case law of this Commonwealth has addressed the question of whether a defendant's withdrawal of a post-sentence motion prior to its disposition is the equivalent of a denial of the motion with respect to the timing requirements for the filing of a notice of appeal under Rule 1410(A). We, therefore, must decide this issue of first impression before proceeding further.[8]

§ 6310.1(a); six counts of corruption of minors, 18 Pa.C.S.A. § 6301(a); two counts of indecent assault, 18 Pa.C.S.A. § 3126(a); and one count of statutory sexual assault, 18 Pa.C.S.A. § 3122.1, and conspiracy, 18 Pa.C.S.A. § 903(a).

3. "[A] notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

4. The trial court docket does not contain an entry indicating when the Petition was filed; however, the Prothonotary's time-stamp indicates that it was filed on February 12, 1997.

5. "[A] notice of appeal shall be filed within 30 days of the entry of the order deciding the [post-sentence] motion...." Pa.R .Crim.P. 1410(A)(2).

6. Pennsylvania Rule of Criminal Procedure 1410(B)(3)(a) provides as follows: "[T]the judge shall decide the post-sentence motion ... within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, ...

the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 1410(B)(3)(a).

7. "[A] notice of appeal shall be filed ... within 30 days of the entry of the order denying the [post-sentence] motion by operation of law." Pa. R.Crim.P. 1410(A)(2).

8. We note that, in the case of *Commonwealth v. Borrero,* 692 A.2d 158 (Pa.Super.1997), an appellant filed a post-sentence motion and, prior to the disposition of the motion either by the court or by operation of law, filed a notice of appeal. The motion eventually was denied by operation of law prior to this Court's disposition of the matter. However, our Court quashed the appeal because no final appealable order had been entered on the docket. In the case at issue, unlike in *Borrero,* Miller affirmatively withdrew the post-sentence motion prior to filing a notice of appeal; she did not appeal her case while her post-sentence motion was pending. Moreover, in this case, Miller filed her notice of appeal more than thirty days after her judgment of sen-

There are two possible dispositions of this issue. Tile first would equate a withdrawal of a post-sentence motion with a denial either by the trial court or by operation of law. The defendant then would have thirty days from the date of withdrawal to file a notice of appeal. The second disposition would nullify the post-sentence motion upon its withdrawal. Thus, the appeal period would expire thirty days from the date on which the judgment of sentence was entered. *See* Pa. R.Crim.P. 1410(A)(3).[9]

If we were to adopt the second disposition, then a defendant who withdraws a post-sentence motion more than thirty days after the entry of the judgment of sentence would lose automatically the right to a direct appeal. Moreover, even if a defendant withdraws the motion less than thirty days after the judgment of sentence was entered, that defendant still would be confronted with a sharply abbreviated appeal period. Under this scenario, a defendant would be punished for withdrawing a post-sentence motion. There is no logical justification for such a harsh and punitive sanction.

A defendant who, in good faith, wants to withdraw a post-sentence motion, faces an untenable dilemma. The defendant could withdraw the motion and, depending upon the amount of time that has elapsed since the judgment of sentence was entered, the appeal period either will be severely shortened or will have passed. Alternatively, in order to guarantee a full thirty-day appeal period, the defendant could allow the trial court to decide the motion, a process that could take 120 days. We find that forcing a defendant to wait as long as 120 days for a decision or, a post-trial motion that he or she no longer desires to pursue does not advance the purposes of our Rules of Criminal Procedure—to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense or delay.[10]

Moreover, this latter disposition would do little to discourage the filing of post-sentence motions as a dilatory tactic. A defendant seeking additional time to prepare an appeal would be inclined to let the trial court decide the motion rather than withdraw it, which would maximize the time available for the filing of a notice of appeal. Accordingly, we adopt the first disposition of this matter and hold that the withdrawal of a post-sentence motion is the equivalent of a denial of that motion either by the trial court or by operation of law for purposes of the requirements for filing a timely notice of appeal under Pa.R.Crim.P. 1410.

We must next determine what form of notice must be provided to the defendant upon withdrawal of a post-sentence motion. When a post-sentence motion is denied either by the trial court or by operation of law, the order denying the motion must contain a notice informing the defendant of the following rights as specified in Pa.R .Crim.P. 1410(B)(4):

(a) the right to appeal and the time limits within which the appeal must be filed;

(b) the right to assistance of counsel in the preparation of the appeal;

(c) the rights, if the defendant is indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Rule 316; and

(d) the qualified right to bail under Rule 4009(B)

Pa.R.Crim.P. 1410(B)(4).

Rule 1410(B)(4) ensures adequate notice of the defendant's appeal rights, which is important given the potential time lapse between the notice given at sentencing and the resolu-

---

tence was imposed. In *Borrero*, the appellant filed a notice of appeal within thirty days of the date of the judgment of sentence. Thus, the court never addressed the question of whether the notice of appeal in that case was filed late.

**9.** "If the defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of the imposition of sentence...." Pa.R.Crim.P. 1410(A)(3).

**10.** Rule 2 of the Rules of Criminal Procedure specifies as follows:

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.
Pa.R.Crim.P. 2.

tion of the post-sentence motion. Pa. R.Crim.P. 1410(B)(4) comment. This notice is equally important for a defendant who withdraws a post-sentence motion prior to its disposition.

We conclude, therefore, that if the defendant withdraws a post-sentence motion, the court shall issue an order memorializing the withdrawal and notifying the defendant of his or her appellate rights pursuant to Rule 1410(B)(4). Consistent with our earlier conclusion, this notice should state that the appeal period expires thirty days following the date of the withdrawal of the post-sentence motion.

■ When the post-sentence motion is withdrawn on the record in open court, as was the situation in this case, it is sufficient that the trial court explain the defendant's appellate rights on the record. If the trial court provides notice on the record that conveys the information required by Pa. R.Crim.P. 1410(B)(4), it need not produce an additional written notice containing repetitive information.

■ In the instant appeal, the trial court provided notice on the record of Miller's rights to appeal, to appointed counsel, and to proceed *in forma pauperis.* The trial court, however, failed to inform Miller of her qualified right to bail under Pa.R.Crim.P. 4009(B). We, therefore, must determine the effect, if any, of this error.

Miller was sentenced to a period of incarceration of two years. Thus, it was within the sound discretion of the trial judge to release Miller on bail. Pa.R.Crim.P. 4009(B)(2).[11] Because Miller had no absolute right to bail, we find that the trial court's failure to advise Miller regarding her bail rights is harmless error. The notice supplied by the trial court was sufficient to protect Miller's appellate rights, which we believe are the primary rights to be protected under

Pa.R.Crim.P. 1410(B)(4). *See* Pa.R.Crim .P. 1410(B)(4) comment ("Subsection (B)(4) protects the defendant's right to appeal....")

Based on the foregoing, we find that this appeal is timely and that the trial court gave adequate notice to Miller of her appellate rights. Therefore, this Court has jurisdiction over this matter.

■ We must now determine if Miller's counsel has met the requirements necessary to withdraw as counsel. The *Anders* Brief filed on Miller's behalf contains four issues, which are set forth as follows:

I. Was ... Defendant's guilty plea knowing, intelligent and voluntary?

II. Was trial counsel ineffective in representing [D]efendant by failing to advise her as to her right to a jury trial?

III. Did the [trial] [c]ourt err by failing to consider mitigating evidence presented by ... Defendant at the [s]entencing [h]earing?

IV. Was trial counsel ineffective in representing Defendant by allowing Defendant to withdraw her Petition for Reconsideration of Sentence?

(Appellant's Brief at 3.) The remainder of counsel's Brief, however, contains arguments establishing that each of these four issues is without merit and frivolous.

■ In order to be permitted to withdraw pursuant to *Anders* and its progeny, counsel must do the following: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter[12] or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any

---

**11.** Rule 4009(B)(2) provides in pertinent part as follows: "[W]hen the sentence imposed includes imprisonment of 2 years or more, ... bail may be allowed in the discretion of the judge." Pa. R.Crim.P. 4009(B)(2).

**12.** A "no-merit" letter is one filed pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d

927 (1988) and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988), cases in which court-appointed counsel in a collateral attack on a conviction under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, seeks to withdraw from representation of a client.

additional points that he or she deems worthy of the court's attention. *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997). A brief that identifies flaws in the arguments presented denies a defendant the assistance of counsel and, thus, is not a proper *Anders* brief.

We remind counsel of the purposes of an *Anders* brief:

"(1) [to] give[ ] the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2)[to] give[ ] indigent defendants 'as nearly as is practicable' that which is guaranteed them under the Sixth and Fourteenth Amendments, the right to counsel (and, in the process, [to] protect[ ] counsel from ineffectiveness allegations). If we were to accept a counsel's conclusion that an appeal was wholly frivolous, without more, 'counsel would become the "court" determining the merits of a defendant's appeal.' In any event, we perceive no conflict: counsel who honestly believes that an appeal is wholly frivolous need not argue as an advocate would, but need only set out the issues in brief 'neutral' form in order that a reviewing court, in most instances this Court, can address the defendant's contentions. Furthermore, by counsel's not arguing against his or her client, a defendant will not be 'sandbagged when the counsel appointed by one arm of the Government seems to be helping another to seal his doom.' "

*Smith*, 700 A.2d at 1303 (citations omitted) (quoting *Commonwealth v. Thomas*, 354 Pa.Super. 87, 511 A.2d 200, 202–03 (1986)).

Counsel in this case has complied with the first and third requirements of *Anders;* however, she has failed to meet the second requirement.

Counsel's Brief more closely resembles the Commonwealth's Brief or a "no-merit" letter than it does a proper *Anders* brief. As the courts in both *Anders* and *Thomas* make clear, a proper *Anders* brief is not the same as a "no-merit" letter, nor is it intended to serve as a brief in support of counsel's motion to withdraw.

Request for leave to withdraw as counsel is denied. Counsel is directed to file either a proper *Anders* brief or an advocate's brief within thirty (30) days from the date this Opinion is filed. Panel jurisdiction is retained.