**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON LEE DAVIS | |
| Appellant | No. 21 EDA 2014 |

Appeal from the Judgment of Sentence November 22, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002430-2011

BEFORE: PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 12, 2014**

Appellant, Vernon Lee Davis, appeals from the judgment of sentence entered on November 22, 2013, following his jury trial conviction for indecent assault of a person less than 13 years of age.[1] On this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary for withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

*Retired Senior Judge assigned to the Superior Court.

wholly frivolous. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows. The Commonwealth filed a complaint against Appellant in February 2011, charging him with the aforementioned crime, as well as aggravated indecent assault of a person less than 13 years of age and endangering the welfare of a child.[2] The charges resulted after the Montgomery County Office of Children and Youth received information that Appellant improperly touched his five-year old granddaughter's vaginal area. In April 2012, the Commonwealth withdrew the aggravated indecent assault charge. On October 10, 2012, Appellant filed a counseled motion to suppress separate statements made to police. First, Appellant claimed that he made oral statements to police that were involuntarily coerced in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Next, Appellant argued that further oral and written statements made to police after *Miranda* warnings were given, but after he invoked his right to counsel, required suppression. The trial court held a suppression hearing on October 10, 2012. On February 26, 2013, the trial court granted Appellant partial relief on his suppression motion in a written opinion, stating:

> [Appellant's] oral statement at the outset of questioning by the detectives, after being given and acknowledging

---

[2] 18 Pa.C.S.A. §§ 3125(b) and 4304(a), respectively.

> ***Miranda*** warnings, admitting "inappropriate contact" with his minor granddaughter, shall be admissible at trial; [Appellant's] subsequent written statement and any other statements to the detectives made by him after he suggested to them that he thought he ought to invoke his right to an attorney are *suppressed*, on [Appellant's] motion, as taken in violation of ***Miranda*** and its progeny.

Trial Court Opinion, 2/26/2013, at 21 (emphasis in original).

The case proceeded to a two-day jury trial wherein the jury convicted Appellant of indecent assault of a person less than 13 years of age and acquitted him of endangering the welfare of a child. On November 22, 2013, the trial court sentenced Appellant to four to 12 months of imprisonment, followed by three years of probation consecutive to the expiration of his parole. This timely appeal resulted.[3]

On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and accompanied this petition with an ***Anders*** brief. The ***Anders*** brief raises the following claim:

> Did the trial court commit reversible legal error when it denied Appellant's motion to suppress statements that he had provided to police after he was given ***Miranda*** warnings but before he invoked his right to counsel?

***Anders*** Brief at 4 (complete capitalization omitted).

---

[3] Appellant filed a notice of appeal on December 20, 2013. On January 8, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on January 24, 2014. The trial court relied upon its earlier opinion issued on February 24, 2013 that addressed Appellant's suppression issues in lieu of filing a new opinion pursuant to Pa.R.A.P. 1925(a).

Before reviewing the merits of this appeal, however, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

- 4 -

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, *quoting* **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel has met all of the above procedural obligations.[4] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the issue raised in the **Anders** brief.

Appellant's **Anders** brief claims that he made an oral statement to police that required suppression because:

> the statement was not knowingly, voluntarily, nor intelligently provided to the detectives in that he was not in his right mind at the time of the statement to comprehend its significance and the rights he was waiving as a result of a long delay between his arrest and preliminary arraignment; the fact that he did not sleep the previous night as a result of being in a cold holding cell and provided with only a thin blanket; that he suffered from diabetes and did not have his medication; and the fact that he had a difficult time reading the **Miranda** rights form and waiver due to the fact that he did not have his glasses with him at the Pottstown Police station.

**Anders** Brief at 17.

When reviewing a challenge to a trial court's denial of a suppression motion, our standard of review is as follows:

---

[4] Appellant has not responded to counsel's petition to withdraw.

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. [However], the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783-784 (Pa. Super. 2012) (citation omitted).

Regarding statements made to police during an interrogation, our Supreme Court has recently determined:

The test for determining the voluntariness, and thus the admissibility, of an accused's statement is the totality of the circumstances surrounding the statement. The mere fact that there is some passage of time between when an accused is arrested and when he or she gives an inculpatory statement does not constitute grounds for suppression of the statement. Numerous factors should be considered under a totality of the circumstances test to determine whether a statement was freely and voluntarily made: the means and duration of the interrogation, including whether questioning was repeated, prolonged, or accompanied by physical abuse or threats thereof; the length of the accused's detention prior to the confession; whether the accused was advised of his or her constitutional rights; the attitude exhibited by the police during the interrogation; the accused's physical and psychological state, including whether he or she was injured, ill, drugged, or intoxicated; the conditions attendant to the detention, including whether

- 6 -

the accused was deprived of food, drink, sleep, or medical attention; the age, education, and intelligence of the accused; the experience of the accused with law enforcement and the criminal justice system; and any other factors which might serve to drain one's powers of resistance to suggestion and coercion.

*Commonwealth v. Martin*, 2014 WL 4745782, at *14 (Pa. Sept. 24, 2014) (citation omitted).

At the suppression hearing, the Commonwealth introduced the testimony of Pottstown Police Detective Heather Long, the police investigator assigned to investigate sexually based offenses in that jurisdiction. N.T., 10/10/2012, at 4-5. Police arrested Appellant on a warrant in Manor Township on March 28, 2011 and "transported [him] to Pottstown's police station where he was held overnight until he could be arraigned." *Id.* at 7. "Due to his length of incarceration, [Appellant] was provided breakfast" including juice, coffee and a breakfast sandwich after he was removed from a holding cell and relocated to Detective Long's office. *Id.* at 7, 24. Once inside her office, Detective Long "read [Appellant] his *Miranda* rights and he signed the form waiving those rights at that time." *Id.* Detective Long read Appellant his constitutional rights "verbatim" from a pre-printed form and gave Appellant an opportunity to read, sign and date the form. *Id.* at 7-8. On that printed form, Appellant handwrote that he understood his rights and was willing to give a voluntary statement. *Id.* at 8-11. During the interview, Appellant remained in leg shackles, but his hands remained free. *Id.* at 11. Appellant did not appear intoxicated. *Id.* No threats or promises

were made to Appellant. *Id.* at 18. Appellant did not ask for food or to use the bathroom. *Id.* at 19. Appellant asked questions about the length of sentence and collateral consequences under Megan's Law he was potentially facing. *Id.* at 28-29.

Appellant testified on his own behalf at the suppression hearing. Appellant stated that he was arrested at approximately 3:45 p.m. on March 28, 2011. *Id.* at 35-36. He testified he was handcuffed to a bar of a holding cell in Manor Township until Pottstown police could pick him up that evening. *Id.* at 37. Appellant estimated that he was placed in a holding cell in Pottstown at 9:00 p.m. *Id.* at 38. Appellant did not speak to anyone until the following morning. *Id.* He was not offered food or drink while he was in the holding cell. *Id.* at 38-39. Appellant testified that he did not sleep well because it was cold in the holding cell and he was only given "a thin blanket." *Id.* at 40. Police provided breakfast the following morning. *Id.* at 42. Appellant concedes that Detective Long advised him of his *Miranda* rights after he ate. *Id.* at 42-43, 45. She read *Miranda* warnings to him aloud and Appellant did not have problems understanding what Detective Long was saying. *Id.* at 54-55. Appellant testified that he was diagnosed as a diabetic in 1986, that he is supposed to take two proscribed pills a day for the ailment, but because he did not have medical insurance at the time of the police interview he did not have his medication on that day anyway. *Id.* at 43-44, 53-54. Appellant admitted that Detective Long did

not treat him unfairly or threaten him at any time. *Id.* at 50-52. Appellant never told police that he required medical attention. *Id.* at 53. At the time of the police interview, Appellant was 61 years old. *Id.* at Exhibit C-2.

Examining the totality of the facts in the light most favorable to the Commonwealth, as our standard of requires, we agree with the trial court that suppression was unwarranted. While police held Appellant overnight in a holding cell, Appellant was clearly advised of his constitutional rights the following morning. It does not matter that Appellant did not have his reading glasses, because there is no dispute that Detective Long verbally provided him with *Miranda* warnings and he readily understood them. Appellant did not appear ill or intoxicated when he was speaking with police. The interview was conducted in an office setting and was not prolonged. Police provided Appellant with something to eat prior to being advised of his rights. They did not withhold medical attention, coerce, or threaten Appellant. Appellant was 61 years old at the time and asked pointed questions about the potential penal consequences he faced, thus, demonstrating knowledge of the criminal justice system. Based upon all of the foregoing, we conclude that Appellant voluntarily made an inculpatory statement to police. Accordingly, the trial court did not err by denying suppression.

On the foregoing basis, and because our independent assessment of the record yields no non-frivolous issues which merit our review, we grant counsel leave to withdraw and we affirm the judgment of sentence.

Leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014