J-A13033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLIFFORD BRANDON REPOTSKI | : | |
| | : | |
| Appellant | : | No. 2788 EDA 2016 |

Appeal from the Judgment of Sentence July 26, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0001643-2011

BEFORE:   LAZARUS, OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED MAY 01, 2017**

Appellant, Clifford Brandon Repotski, appeals *pro se* from the judgment of sentence entered in the Montgomery County Court of Common Pleas.  Because Appellant has filed an untimely notice of appeal to this Court, we quash.

The trial court summarized the procedural history of this case as follows:

> On March 14, 2012, [Appellant] pleaded guilty to four counts of Sexual Abuse of Children, Possession of child Pornography in violation of 18 Pa.C.S. § 6312(d)[ ].  On June 13, 2012, this court sentenced [Appellant] to, *inter alia*, a six-month probation and a 10-year registration requirement under Megan's Law.  [Appellant's] judgment of sentence was affirmed by the Superior Court on December 12, 2012.

_____

[*] Former Justice specially assigned to the Superior Court.

On March 4, 2016, [Appellant] received a notice of violation of his probation. The Notice was signed by [Appellant] that date and docketed on April 4, 2016. A **Gagnon**[1] **II** hearing was held on July 26, 2016. [Appellant] was found to be in violation of his probation and sentenced to time served to twenty-three (23) months, a consecutive three year probation and a concurrent 5 year probation. On or about August 4, 2016, [Appellant] was paroled from the County jail. On August 29, 2016, [Appellant] mailed a *pro se* notice of appeal directly to the Superior Court. On August 30, 2016, the Superior Court forwarded the notice, unfiled, to the Montgomery County Clerk of Court where it was docketed on September 2, 2016.

Trial Ct. Op., 9/23/16, at 1-2 (footnotes omitted).

As a prefatory matter,

we must address the timeliness of this appeal as it implicates our jurisdiction. **Commonwealth v. Yarris**, [ ] 731 A.2d 581, 587 ([Pa.] 1999) (appellate courts may consider the issue of jurisdiction *sua sponte* ). Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. **Commonwealth v. Miller**, 715 A.2d 1203, 1205 (Pa. Super. 1998).

**Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*).

A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Pennsylvania Rule of Appellate Procedure 105 provides that "the court may not enlarge the time for filing a notice of appeal . . . ." Pa.R.A.P. 105(b). However, the official note to Rule 105 carves out an exception to this rule: "[s]ubdivision (b) of this rule is not intended to affect the power of a court to grant relief in

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105, note; *see also Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) ("before our Court may quash [an] appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal").

In the case *sub judice*, Appellant stipulated to being in violation of his probation. **See** Probation/Parole Stipulation Colloquy, 7/26/16. Sentence was imposed on July 26, 2016. Appellant had until August 25, 2016, to file his notice of appeal. Instantly, the certified record reveals that Appellant (1) mailed his notice of appeal to this Court on August 29th, (2) it was filed in this Court on August 30th,[2] and (3) it was docketed in Montgomery County on September 2, 2016. Therefore, the notice of appeal was untimely. We discern no fraud or breakdown in the court system. As the untimeliness of this appeal deprives this Court of jurisdiction, we quash. **See Green**, 862 A.2d at 615.

Appeal quashed.

---

[2] We note that in the criminal docketing statement, Appellant indicates the notice of appeal was filed on August 30, 2016. **See** Appellant Clifford Brandon Repotski's Response to Appellee['']s Opinion of September 23, 2016, 10/3/16, at 16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/2017