J-S27023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANK HART :
:
Appellant : No. 2191 EDA 2017

Appeal from the PCRA Order May 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0119531-1992

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED MAY 18, 2018**

Frank Hart appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. That order was entered on May 15, 2017; his notice of appeal was docketed in this Court on June 19, 2017, thirty-five days later. By order dated September 5, 2017, this Court directed Hart to show cause why his appeal should not be quashed as untimely filed. Hart filed a timely response, in which he stated that he filed his notice of appeal on June 17, 2017, and any further delay is attributable to the mailroom at SCI-Graterford.

Pursuant to Pennsylvania Rule of Appellate Procedure 903(a), a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace."

*Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014), citing *Commonwealth v. Valentine*, 928 A.2d 346 (Pa. Super. 2007). Our jurisdiction to hear an appeal is predicated upon the timely filing of the notice of appeal; if this Court has no jurisdiction, we must dismiss the appeal. *Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa. Super. 1998). Where, as here, a prisoner is acting *pro se*, an appeal is deemed filed for purposes of Rule 903(a) when the prisoner delivers the notice of appeal to prison authorities or places it in the prison mailbox. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Here, Hart stated that he filed his appeal, i.e., delivered it to his prison's mailroom, on June 17, 2017. Hart's monthly prisoner account statement, attached as an exhibit to his response to the rule to show cause, shows that Hart's prisoner account was debited for postage on June 19, 2017. Even if we credit Hart's statement that he delivered his notice of appeal on June 17, 2017, his appeal is still untimely. The order in question was filed on May 15, 2017; thus, in order to be timely, Hart was required to deliver his notice of appeal to the prison mailroom by June 14, 2017.[1] As he failed to do so, we must dismiss his appeal for lack of jurisdiction. *Miller*, *supra*.

Appeal dismissed.

---

[1] In 2017, June 14 fell on a Tuesday, so there would have been no reason to extend the filing deadline.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/18