J-S02028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANTE C. CARTER | : | |
| | : | |
| Appellant | : | No. 1009 MDA 2022 |

Appeal From the Judgment of Sentence Entered June 10, 2022
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000598-2020

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                          **FILED:  MARCH 17, 2023**

Appellant, Dante C. Carter, appeals from the judgment of sentence entered on June 10, 2022, as made final by the denial of Appellant's post-sentence motion on June 21, 2022.  On this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

As the trial court explained:

> [Appellant] is an inmate serving a life sentence in the custody of the Pennsylvania Department of Corrections. On June 10, 2022, he was convicted, via pleas of *nolo contendere*, of one count each of assault by prisoner, strangulation, and aggravated assault.[1] The charges arose out of an incident that occurred at SCI-Huntingdon on August 13, 2018, in which [Appellant] twice engaged in physical combat with corrections officers. [Appellant] was sentenced on the same day that he entered his pleas, resulting in a sentence of 84-168 months' incarceration on the first count, 12-24 months' incarceration on the second count, and 15-30 months' incarceration on the third count, to be served concurrently [with Appellant's life sentence].

Trial Court Opinion, 8/30/22, at 1 (footnote and some capitalization omitted).

The trial court denied Appellant's post-sentence motion on June 21, 2022 and Appellant filed a timely notice of appeal. On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

---

[1] 18 Pa.C.S.A. §§ 2704, 2718(a)(1), and 2702(a)(3), respectively.

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and

- 3 -

order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the *Anders* brief:

> [1.] Whether the trial court erred in dismissing [Appellant's] post-sentence motion in the form of a preliminary objection of [Appellant] to [the Commonwealth's] complaint and criminal procedure?
>
> [2.] Whether the trial court erred in dismissing [Appellant's] post-sentence motion in the form of a petition for warrant in lieu of habeas corpus without a hearing?
>
> [3.] Whether claims of ineffective assistance of counsel should be presented in a collateral proceeding?

Appellant's Brief at 3 (some capitalization omitted).

Appellant's first two claims are grounded in his belief that he, personally, enjoys sovereign immunity from all criminal prosecution and that the court of common pleas thus lacked jurisdiction over Appellant's person. This claim is frivolous, as Appellant is not a sovereign.

Finally, Appellant claims that his trial counsel was ineffective. This claim is unreviewable on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review");

***Commonwealth v. Holmes***, 79 A.3d 562, 620 (Pa. 2013) ("absent [certain, specified] circumstances [(that are inapplicable to the case at bar)] claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal"). Appellant's ineffective assistance of counsel claim is thus frivolous.

We have independently considered the issues raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/17/2023