J-S16033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                                            :
                 v.                       :
                                            :
                                            :
BILLY LANGLEY                      :
                                            :
              Appellant        : No. 2463 EDA 2023

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013927-2008

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED MAY 17, 2024**

Appellant Billy Langley appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed. After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested in connection with the July 18, 2008, murder of the victim. On October 21, 2009, Appellant, who was represented by counsel, proceeded to a guilty plea hearing at which he admitted he beat the victim to death with a heavy stone, as well as stole his wallet containing cash and credit cards. N.T.,

_____

[*] Former Justice specially assigned to the Superior Court.

10/21/09, at 18-24.   Appellant used the victim's credit cards to go on a shopping spree. *Id.*

Appellant entered a guilty plea to the charges of third-degree murder, robbery, forgery, theft by unlawful taking, possession of an instrument of crime, and improper use of access devices.[1]  In exchange, the Commonwealth agreed that Appellant should receive an aggregate term of forty years to eighty years in prison.  Accordingly, on October 21, 2009, after accepting the guilty plea, the trial court imposed the agreed upon sentence.

On October 29, 2009, Appellant filed a timely post-sentence motion; however, on March 15, 2010, Appellant knowingly, voluntarily, and intelligently withdrew his post-sentence motion.[2]  Appellant did not file a direct appeal.

On or about March 25, 2011, Appellant filed a timely first PCRA petition, and counsel was appointed to assist Appellant.  On July 2, 2015, Appellant filed a counseled amended PCRA petition, to which he attached a report from

---

[1] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 4101(a)(1), 3921(a), 907(a), and 4106(a)(1), respectively.

[2] We note this Court has held "the withdrawal of a post-sentence motion is the equivalent of a denial of that motion either by the trial court or by operation of law for purposes of the requirements for filing a timely notice of appeal under Pa.R.Crim.P. [720]." *Commonwealth v. Miller*, 715 A.2d 1203, 1206 (Pa.Super. 1998).

Dr. Steven Samuel.[3]  In this report, Dr. Samuel opined that Appellant had been unable to enter a knowing, intelligent, and voluntary plea at the time he entered his guilty plea.  Dr. Samuel's Report, dated 6/22/15, at 6.  After providing notice under Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's PCRA petition on February 12, 2016, without an evidentiary hearing.

Appellant filed a timely appeal in which he averred the PCRA court erred in dismissing his PCRA petition without a hearing.  Specifically, he averred that, in light of Dr. Samuel's report, the PCRA court should have held a hearing to determine whether Appellant entered his guilty plea knowingly and intelligently.  In rejecting Appellant's claim, this Court held:

> The PCRA court did not abuse its discretion by dismissing [Appellant's] petition without a hearing.  Dr. Samuel's report creates no issue of material fact necessitating an evidentiary hearing, as [Appellant's] mental health history, by itself, did not preclude the trial court from finding that he was competent to stand trial or enter a guilty plea.  Similarly, the report creates no issue of material fact as to [Appellant's] ineffectiveness of counsel claim, which fails if the underlying competency claim fails.
>
> Moreover, [Appellant] offers no explanation for the discrepancy between his statements at the hearing and Dr. Samuel's report regarding whether [Appellant] was medicated at the time he entered his guilty plea.  [Appellant] states only that medication ingestion is not a polar issue, and it is these potential wrinkles and inconsistencies that ought to be explored at [an] evidentiary hearing. Rather than indicating that [Appellant] was confused or unable to comprehend what was happening at the hearings, the record establishes that [Appellant] affirmed

---

[3] Although the trial court found Appellant competent to enter his guilty plea, at PCRA counsel's request, the PCRA court allocated funds so that Appellant could hire Dr. Samuel for the purpose of a psychiatric examination.  PCRA Court Opinion, filed 4/15/16, at 6. Thus, Dr. Samuel examined Appellant and filed a report thereafter.

numerous times that he understood what was happening. The PCRA court's decision to dismiss [Appellant's] petition without a hearing was not an abuse of discretion.

***Commonwealth v. Langley***, No. 801 EDA 2016, at 9-10 (Pa.Super. filed 12/5/16) (unpublished memorandum) (citations, quotation marks, and quotation to record omitted). Accordingly, we affirmed the PCRA court's February 12, 2016, order dismissing Appellant's first PCRA petition. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on July 6, 2017.

On May 10, 2022, Appellant filed a *pro se* PCRA petition, and on July 19, 2023, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing. Appellant filed a *pro se* response, and by order entered on August 23, 2023, the PCRA court dismissed Appellant's second PCRA petition on the basis it was untimely filed. Appellant filed a timely *pro se* appeal.[4]

On appeal, Appellant sets forth the following issues in his "Statement of Questions Presented" (verbatim):

(1) Whether the petitioner's repetitive post-conviction collateral relief act was timely filed based on a demonstrated miscarriage of justice?

(2) Whether the Honorable Judge failed to give a contemporaneous reason for accepting and imposing an excessive sentence whereas as [*sic*] the defendant did not understand the colloquy of the proceedings?

---

[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, Appellant filed no such statement.

Appellant's Brief at 3 (suggested answers omitted).

Initially, we note:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 5 -

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[5] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 596 Pa. 354, 943 A.2d 264, 267 (2008).

In the case *sub judice*, Appellant filed a timely post-sentence motion, which he withdrew on March 15, 2010. Appellant did not file a direct appeal to this Court. Thus, his judgment of sentence became final thirty days later,

---

[5] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. This amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. In any event, under application of either the one year or sixty-day initial threshold, Appellant is not entitled to relief for the reasons discussed *infra*.

- 6 -

on April 14, 2010, when the time for filing a direct appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); *Miller*, *supra*. As indicated *supra*, Appellant had one year-until April 14, 2011-to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). However, Appellant filed the instant PCRA petition on May 10, 2022, and consequently, it is facially untimely.

Regarding the three limited exceptions set forth in Subsection 9545(b)(1)(i)-(iii), Appellant neither cites nor refers to any of the exceptions in his *pro se* appellate brief. Rather, he contends this Court should overlook the untimeliness of his second PCRA petition because there has been "[i]neffective assistance of counsel [that] qualifies as a miscarriage of justice sufficient to overcome a waiver of appeal provisions in guilty plea proceedings." Appellant's Brief at 6. He specifically contends "all counsel[] failed to appeal the negotiated excessive sentence which constituted a miscarriage of justice[.]" *Id.* at 7.

Our Supreme Court has held that "while layered claims of counsel's ineffectiveness may avoid the waiver restrictions in the PCRA, [the Court has] repeatedly held that claims of ineffective assistance of counsel do *not* automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)." *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 916 (2000) (citations omitted) (italics in original). "[A]n untimely petition will not be addressed simply because it is

couched in terms of ineffectiveness." ***Commonwealth v. Yarris***, 557 Pa. 12, 731 A.2d 581, 586 (1999).

As it specifically relates to the timeliness exception in Subsection 9545(b)(1)(i), which pertains to interference by government officials, our Supreme Court has held that claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify due to the specific provision in Subsection 9545(b)(4) that the term "government officials" does not include defense counsel. ***Pursell***, ***supra*** (citation omitted). Consequently, to the extent Appellant contends that the ineffectiveness of prior counsel prevented him from raising his present claims, Appellant cannot invoke Subsection 9545(b)(1)(i)'s exception to the one-year time limitation. ***Pursell***, ***supra***.

Moreover, as it relates to Subsection 9545(b)(1)(ii), this exception permits an untimely clam where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Here, Appellant's claims demonstrate that they relate to alleged errors discernable from the trial court record or to trial counsel's failure to file a direct appeal. As our Supreme Court has stated, "the allegation of ineffectiveness of counsel for failure to put forward available claims does not excuse compliance with the timeliness requirements of the PCRA." ***Pursell***, ***supra***, 749 A.2d at 916 (citation omitted). Thus, the exception in Subsection 9545(b)(1)(ii) "does not apply where the petitioner merely alleges that more competent counsel would have

presented other claims based on a better evaluation of the facts available to him or her at the time of trial[.]" *Id.* at 917. In essence, Appellant has not demonstrated any new "facts" which were unknown to him or could not have been ascertained by the exercise of due diligence as it relates to his present ineffectiveness claims.

Further, none of Appellant's ineffectiveness claims relates to "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively[.]" 42 Pa.C.S.A. § 9545(b)(1)(iii).

Finally, to the extent Appellant urges us to find a "miscarriage of justice" as an exception to the PCRA's time bar, we note:

> [I]t is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions. The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.

*Commonwealth v. Harris*, 972 A.2d 1196, 1200 (Pa.Super. 2009). Specifically, this Court has held that an assertion of a "miscarriage of justice" is not a viable PCRA timeliness exception. *Commonwealth v. Burton*, 936 A.2d 521 (Pa.Super. 2007).

For all of the foregoing reasons, we conclude Appellant has not met any of the timeliness exceptions. Thus, we find the PCRA court properly dismissed Appellant's second PCRA petition on the basis it was untimely filed.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/17/2024