J-S45004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NERY ROBERTO ALFARO | : | |
| | : | |
| Appellant | : | No. 856 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 29, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000347-2023

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 4, 2025**

Appellant, Nery Roberto Alfaro, appeals from the judgment of sentence entered on April 29, 2024, following his jury trial convictions for rape, involuntary deviate sexual intercourse, and incest.[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we conclude that Appellant's counsel has complied with the procedural requirements to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

_____

[1]  18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), and 4302(a) respectively.  Prior to trial, 24 additional criminal counts were dismissed by the trial court.

We briefly summarize the facts and procedural history of this case as follows.  The complainant, a seventeen-year-old female, moved from Guatemala to live with her parents in Reading, Pennsylvania.[2]  Appellant is the biological father of the complainant.  The complainant averred that Appellant bought her items in exchange for having sex with him on two occasions.  She claimed that Appellant had vaginal sex with her once and placed his penis in her mouth on another occasion.  In May 2022, the police filed a criminal complaint against Appellant.  Following a jury trial on January 23, 2024, Appellant was found guilty of the aforementioned charges.  On April 29, 2024, the trial court sentenced Appellant to an aggregate sentence of 13 to 50 years of incarceration, followed by three years of probation.  Appellant filed a timely post-sentence motion, which the trial court denied on May 14, 2024.  This timely appeal resulted.[3]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief.  Before reviewing the merits of this appeal, we therefore must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

---

[2]  Because the victim was a minor, to protect her identity, the trial court properly used her initials, MAG, throughout its opinion.

[3]  On June 13, 2024, Appellant filed a timely notice of appeal.  The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant complied timely.  The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on August 5, 2024.

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel .... [T]his review does not require this Court to act as counsel or otherwise advocate on

- 3 -

behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the *Anders* brief, which is as follows:

1. Whether the verdicts of guilt[ for] rape, involuntary deviate sexual intercourse, and incest were contrary to the weight of the evidence?

*Anders* Brief at 6. More specifically, Appellant asserts

that the verdict was against the weight of the evidence in that the testimony of MAG was inconsistent, vague and illogical. MAG was unable to state when the assaults occurred other than the fact that it was cold outside. She could not recall what year it was. She was inconsistent in her memory, specifically if the vaginal or oral intercourse occurred first. Additionally, she was not clear about the details regarding Appellant's ejaculation.

Additionally, there was testimony from MAG that the assaults stopped after Appellant allowed MAG's boyfriend to move in with the family. Appellant asserts that, if he were guilty of the offenses charged, he would never have done that.

*Id.* at 10 (record citations omitted).

A motion seeking a new trial based on the weight of the evidence is

addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.  It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight **claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence**. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.  One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Person*, 325 A.3d 823, 836 (Pa. Super. 2024) (internal citation omitted; emphasis in original).

Here, the trial court determined that the jury was free to believe the uncorroborated testimony of the victim and that the verdict was no so contrary to the evidence to shock's one sense of justice.  Trial Court Opinion, 8/5/2024, at 4-5.  The trial court noted that the victim testified to two specific instances of sexual assault, that Appellant threatened to kill her if she told anyone, and that the abuse stopped when her boyfriend moved in with them.  *Id.* at 2-3.

Moreover, the trial court recognized that, at trial, "Appellant's attorney pointed out inconsistencies between the victim's testimony at trial and a prior statement to police" and "revealed that the victim did not remember the time of day the sex occurred or how long it lasted." *Id.* at 4. The trial court further opined that counsel for Appellant highlighted the inconsistencies and described the details of victim's testimony as "vague at best" during closing arguments. *Id.* Accordingly, the trial court found "Appellant's claim that the verdict was against the weight of the evidence is without merit." *Id.* at 5.

Upon review of the certified record, applicable law, and the trial court's opinion, we discern no abuse of discretion in ruling on Appellant's weight of the evidence claim. Here, the trial court carefully examined all of the facts presented and determined that Appellant was not denied justice or that the verdict shocked one's sense of justice. Upon review of the trial court's exercise of discretion, we discern no error.

We independently considered the issues raised within counsel's *Anders* brief and we have determined that the claim presented is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/04/2025