J-S28027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHEYENNE NICOLE DITZLER | : | |
| | : | |
| Appellant | : | No. 233 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001265-2018

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 15, 2020**

Appellant, Cheyenne Nicole Ditzler, appeals from the judgment of sentence entered on January 13, 2020, following her bench trial convictions for access device issued to another who did not authorize use and theft by unlawful taking.[1]  On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

---

[1]  18 Pa.C.S.A. §§ 4106(a)(1)(ii) and 3921(a), respectively.

We briefly summarize the facts and procedural history of this case as follows. In December 2017, Appellant and her boyfriend, Daniel Trimmer (Trimmer) were unemployed and homeless. They moved into the home of Appellant's mother, Cheryl Ditzler (Mother). On a single occasion, on December 4, 2017, Mother authorized Appellant to use her debit card to withdraw $20.00 from Mother's savings account to buy personal items. Mother gave Appellant her personal identification number and her bankcard. Mother never gave her personal identification number to anyone else. Appellant returned the card to Mother after the transaction. In late December 2017, Mother noticed that $620.00 was missing from her savings account. Around the same time, Mother saw Appellant bring expensive items, such as electronics and new shoes, into her residence. She reported the missing money to the bank and police. When Mother returned from making a report to police, Trimmer confessed to taking the money. In a subsequent investigation, police recovered video surveillance photos of Trimmer making seven withdrawals from different banks. Police also recovered one photograph of Appellant receiving cash. At trial, Trimmer testified that he took the money so that he and Appellant could buy new shoes and drugs. He further testified that Appellant was with him each time he used Mother's bankcard.

Following a bench trial, on December 3, 2019, the trial court convicted Appellant of the aforementioned charges. The trial court held a sentencing hearing on January 13, 2020. Ultimately, in an amended sentencing order dated January 24, 2020, the trial court sentenced Appellant to 18 months of

probation for theft by unlawful taking. The trial court further determined that the conviction for access device issued to another who did not authorize use merged for sentencing purposes. This timely appeal followed.[2]

On appeal, the **Anders** brief raises a single claim:

> Whether the evidence at trial was insufficient to prove that Appellant committed the crimes of theft by unlawful taking and access device issued to another who did not authorize use.

Anders Brief at 4 (superfluous capitalization omitted).

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

---

[2] Appellant filed a notice of appeal on February 2, 2020. On February 11, 2020, the trial court directed Appellant to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). On March 3, 2020, counsel for Appellant filed a statement of intent to file **Anders**/**Santiago** brief in lieu of a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(c)(4). The trial court did not issue an opinion pursuant to Pa.R.A.P. 1925(a). On May 13, 2020, this Court received correspondence that the Commonwealth did not intend to file an appellate brief.

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them."). It is only when all of the procedural and

substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations.[3] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in her brief.

Appellant claims that the Commonwealth failed to present sufficient evidence to support her convictions. *Anders* Brief at 9. More specifically, Appellant contends that Mother and Trimmer were not credible and that her convictions "were based largely on circumstantial evidence." *Id.*

Our standard when reviewing the sufficiency of the evidence is

whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

---

[3] On April 21, 2020, this Court entered an order directing counsel to file an application to withdraw, a letter advising Appellant of her right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention, and a copy of proof of service on Appellant. Counsel complied on April 23, 2020. Appellant has not responded.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted). "In applying this standard, Pennsylvania courts acknowledge that the Commonwealth may sustain its burden by means of wholly circumstantial evidence." ***Commonwealth v. Sexton***, 222 A.3d 405, 416 (Pa. Super. 2019) (citation and quotations omitted).

A person commits access device fraud if she "uses an access device to obtain or in an attempt to obtain property or services with knowledge that [] the access device was issued to another person who has not authorized its use[.]" 18 Pa.C.S.A. § 4106(a)(1)(ii). "A person is guilty of theft [by unlawful taking] if [s]he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive [them] thereof." 18 Pa.C.S.A. § 3921(a).

At trial, Mother testified that she gave Appellant her bankcard and personal identification number to withdraw money to purchase personal items a single time in early December 2017. N.T., 12/3/2019, at 27, 40-41. Mother did not give the personal identification number to anyone but Appellant. ***Id.*** Mother did not authorize Trimmer to use her bankcard or personal identification number. ***Id.*** at 40. In the middle of December 2017, Mother noticed a series of withdrawals from her savings account, totaling $620.00, that she did not make nor authorize. ***Id.*** at 27. Mother testified that, during that same time-period, Appellant and Trimmer brought "brand new shoes" and a "PlayStation game" into her home. ***Id.*** at 30. Appellant and Trimmer were both unemployed at the time. ***Id.*** at 29. Trimmer confessed to Mother

that he took her money. *Id.* At trial, Trimmer admitted that he took Mother's bankcard and withdrew money without her authorization. *Id.* at 45. He testified that Appellant accompanied him when he made the withdrawals. *Id.* He stated that he subsequently used the money to purchase "sneakers and drugs." *Id.* at 45. Appellant testified at trial. She stated that she believed Mother had given Trimmer authorization to use the bankcard. *Id.* at 55-56.

Based upon our review of the certified record, we conclude that the Commonwealth presented sufficient evidence to support Appellant's convictions. Appellant suggests that the evidence showed that Trimmer acted alone. Appellant, however, was the only person who knew Mother's personal identification number, Appellant had access to Mother's bankcard, and Appellant accompanied Trimmer for each withdrawal. Moreover, Mother saw Appellant with expensive new purchases, even though Appellant lacked employment. From this evidence, the trial court properly inferred that Appellant, without authorization, obtained Mother's property with an access device and intended to deprive Mother of that property. Moreover, the trial court was free to reject Appellant's testimony that she thought Mother authorized Trimmer to make withdrawals from Mother's account. Based upon the totality of the evidence, the Commonwealth proved that Appellant used an access device to obtain Mother's savings despite lack of authorization to do so. Appellant also unlawfully received Mother's funds with the intent to deprive her of same. As such, after independent consideration, we conclude Appellant's sufficiency claim is frivolous.

In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2020