J-S37035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TOBIAS MITCHELL :
:
Appellant : No. 328 EDA 2022

Appeal from the Judgment of Sentence Entered January 10, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002441-2020

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 16, 2022**

Appellant, Tobias Mitchell, appeals from the judgment of sentence entered on January 10, 2022. On this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

On January 13, 2021, the Commonwealth filed an information, which charged Appellant with a number of crimes, including attempted homicide, aggravated assault, simple assault, and possessing instruments of crime

("PIC").[1]  On July 21, 2021,  Appellant pleaded guilty to simple assault and PIC and the trial court scheduled a sentencing hearing for a later date.  **See** N.T. Guilty Plea Hearing, 7/21/21, at 4-5.

Prior to the sentencing hearing, Appellant filed a motion to withdraw his guilty plea.  Appellant's Motion to Withdraw Guilty Plea, 10/25/21, at 1-2.  The trial court scheduled a January 10, 2022 hearing on Appellant's motion.  **See** Scheduling Order, 10/29/21, at 1.  However, during the January 10, 2022 hearing on Appellant's motion, Appellant orally withdrew his motion to withdraw his guilty plea.  **See** N.T. Sentencing Hearing, 1/10/22, at 10.  As a result, the trial court immediately proceeded to sentencing.  **Id.**  The trial court sentenced Appellant to serve an aggregate term of 21 to 60 months in prison for his convictions.  N.T. Sentencing Hearing, 1/10/22, at 24-25.

Appellant did not file a post-sentence motion; however, Appellant filed a timely notice of appeal from his judgment of sentence.  On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel.  **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 2701(a)(1), and 907, respectively.

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . .

[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the ***Anders*** brief:

> [1.] Did the trial court properly deny [Appellant's] request to withdraw his guilty plea, when he had the motion withdrawn in open court?
>
> [2.] Was [Appellant's] plea knowingly and voluntarily entered into?
>
> [3.] Should [Appellant's] ineffective assistance of counsel claims be brought via a [Post Conviction Relief Act ("PCRA")] petition and not on direct appeal?

Appellant's Brief at 4 (some capitalization omitted).

Appellant's first two claims on appeal contend that the trial court "erred in not allowing him to withdraw his guilty plea," as his "guilty plea was not voluntarily entered into." Appellant's Brief at 9. These claims are waived, as Appellant orally withdrew his motion to withdraw his guilty plea and, thus,

Appellant did not provide the trial court with the opportunity to rule upon any issue relating to his guilty plea. *See* N.T. Sentencing Hearing, 1/10/22, at 10 (in response to Appellant's request to withdraw his motion to withdraw his guilty plea, the trial court declared: "Okay. So then the Motion to Withdraw is withdrawn. We'll take the following order: AND NOW, this 10th day of January, 2022, upon oral motion of counsel for [Appellant], [Appellant's] motion to withdraw guilty plea is withdrawn. By the Court") (some capitalization omitted); *see also* Pa.R.Crim.P. 720(B)(1)(a)(i); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Lincoln*, 72 A.3d 66, 609-610 (Pa. Super. 2013) ("[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver") (citations omitted). Further, since the claims on appeal are waived, the claims are frivolous under *Anders*. *Commonwealth v. Tukhi*, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under *Anders*, "[a]n issue that is waived is frivolous"); *Commonwealth v. Kalichak*, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

Finally, Appellant claims that his trial counsel was ineffective because Appellant "was not informed of the ramifications of his guilty plea and [] no pretrial motions were filed on [Appellant's] behalf." Appellant's Brief at 13.

These claims are unreviewable on direct appeal. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review"); ***Commonwealth v. Holmes***, 79 A.3d 562, 620 (Pa. 2013) ("absent [certain, specified] circumstances [(that are inapplicable to the case at bar)] claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal"). Appellant's ineffective assistance of counsel claims are thus frivolous.

We have independently considered the issues raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2022