NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4713
_____

UNITED STATES OF AMERICA

v.

STEVEN L. BAKER,
                                Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3-10-cr-00266-001)
District Judge:  The Honorable Garrett E. Brown, Jr.

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2012

BEFORE:  SCIRICA, GREENAWAY, Jr., and NYGAARD, *Circuit Judges*

(Filed: September 17 2012    )
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

A jury found Appellant Steven L. Baker guilty of three counts of bank robbery and

three counts of using a firearm during the commission of a robbery, violations of 18

U.S.C. § 2213(a) and (d) and § 2 and 18 U.S.C. § 924(c) and § 2.  The District Court

sentenced Baker to 87 months imprisonment on the robbery counts and to 57 years imprisonment on the firearms counts.

I.

On appeal, Baker raises several issues challenging both his conviction and sentence. Having reviewed the record and Baker's arguments in detail, we will affirm both his conviction and sentence.

A.    Limitations on Cross-Examination

Before committing the first bank robbery, Baker received foreclosure notices for real estate he owned. The Government viewed these notices as evidence of motive and corroboration of testimony that Baker committed the robberies to pay his mortgage. Arguing that the foreclosure notices were prejudicial, Baker asked the District Court to preclude their admission as evidence. Finding Baker's pre-robbery financial need irrelevant and prejudicial, the District Court prohibited the Government from introducing the foreclosure evidence.

Through subsequent trial testimony, the Government highlighted cash deposits made to Baker's bank account immediately after each of the three robberies. Baker did not challenge the accuracy of this testimony. Instead, through attempted cross-examination, Baker sought to introduce information on other cash deposits in an attempt to show that he had made other large cash deposits. The Government objected, arguing that this would create a false impression of Baker's personal finances to the jury, especially given the prior exclusion of the foreclosure notices.

The District Court resolved this argument by reaffirming the exclusion of the foreclosure notices and also excluding testimony regarding prior cash deposits. On appeal, Baker maintains that by precluding cross-examination as to his pre-robbery cash deposits, his Sixth Amendment rights were violated.

We see no abuse of discretion here. Even were we to find error, the limitation placed on Baker's cross-examination was harmless. Baker was permitted to cross-examine Agent Pearsall to his tactical advantage. Testimony on cross-examination revealed that Baker had income from sources other than the robberies and was financially stable. Finally, our review of the record leaves us confident that the jury's verdict was founded on evidence including the cooperating witness' testimony, cell phone and toll road records that corroborate the robberies as well as Baker's absence from work on those days. Baker's identification was also used to check into a local motel immediately following the first robbery. Given this, and other evidence of record, the exclusion of Baker's pre-robbery bank records was harmless.

B.     Jury Instruction Error

Next, Baker maintains that the District Court should have instructed the jury that witnesses were equally available to both parties. We review a District Court's decision not to give a particular jury instruction and the wording of a jury instruction for an abuse of discretion. Specifically, Baker argues that the Government's case agent was unavailable to him. 28 C.F.R. § 16.23(c) requires that those seeking testimony from a Department of Justice employee, where the United States is a party, first submit an affidavit "setting forth a summary of the testimony sought."

Baker, however, never complied with the above regulation. Instead, Baker informed the District Court that he would not call the case agent to testify. The District Court rightly determined that the witness was not rendered "unavailable" by Baker's failure to comply with the regulation and his decision not to call the agent to testify. The District Court instructed the jury that:

> [b]oth the United States and the defendant have the same power to subpoena witnesses to testify on their behalf. If a witness is equally available or unavailable to both sides, you should draw no inference concerning the failure of the witness to testify or any testimony the witness might have made. In short, you should disregard the witness'[s] possible testimony as a fact in the case.

This instruction is not "arbitrary, fanciful or clearly unreasonable." *United States v. Frazier*, 469 F.3d 85, 87-88 (3d Cir. 2006). Baker's claim that the District Court erred in its instruction to the jury is baseless.

C.    Testimony Employing Computer Mapping

Next, Baker challenges the testimony of FBI Agent Mark Gillen. Gillen had used commercially available software to create a map of Baker's and Clayton's locations from records of their cell phone use. This map was admitted into evidence as Government Exhibit 200. Defense Counsel did not object to its admission. Baker now argues that the agent's testimony required specialized knowledge that was not in the jury's possession and, therefore, the agent's testimony was inadmissible. Baker, however, failed to object to the agent's testimony on these grounds at trial. Therefore, this claim is raised for the first time on appeal and will be reviewed for plain error. FED.R.CRIM.P. 52(b). We find no error here, much less a plain one.

4

Gillen utilized a commercially available software program called "Microsoft Streets and Trips." The agent explained his work as follows:

> Q: And how did you create Exhibit 200?
> A: I went to specific calls on certain dates, went to the call detail records and found out what cell tower, the location of that cell tower was, and then I imported the locations of the cell tower with a commercially available software program, and then plotted the locations of the towers, and then matched the calls to that.

Given the omnipresent nature of computer mapping software in today's society---websites such as Mapquest.com and Google Earth come to mind---the agent's testimony about his use of the mapping software was not expert testimony and it was not an error for the District Court to properly admit it as fact.

Additionally, even if the admission of this mapping testimony was error, Baker has not demonstrated how he was prejudiced. Baker was not blindsided by Gillen's testimony. Indeed, the Government turned over the map Gillen created to the defense well before trial. The Government argues and the record confirms that Baker made no attempt to challenge the map or the method used to create it. Also, Baker never sought a continuance so that his own expert might review the map and the methods Gillen used to produce it.[1]

---

[1] Baker also challenges the admission of testimony provided by Eric Tyrell, the custodian of records for Sprint Nextel Communications. Tyrell's testimony revealed that the cell phone records which were placed by the Government into evidence were records that were kept in the ordinary course of business. The record contains no objection by Baker to this testimony. On direct examination, Tyrell testified as to the contents of these records as well as the cell-site location for each call. Tyrell also indicated that cell phones are "designed to find the strongest signal." Arguing that it was expert testimony,

D.      Challenge to the Sentence

Lastly, Baker challenges his sentence as substantively unreasonable.  We review sentences for both procedural and substantive reasonableness, applying an abuse of discretion standard.  *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  The burden of demonstrating unreasonableness rests with the party challenging the sentence.  *Id*.  A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *Id*. at 568.

The parties agreed that Baker's mandatory minimum sentence for the 18 U.S.C. § 924(c) offenses was 57 years.  The parties also agreed that the robbery convictions resulted in an advisory Guidelines range of 87 to 108 months, based on an offense level of 27 and a category III criminal history.  Baker did not seek a downward departure, but

---

defense counsel objected, during re-direct, to Tyrell's testimony concerning the factors used to determine the distance between an originating cell site and a phone.  The District Court overruled the objection, finding that it was within Tyrell's personal knowledge.  This too was no error.  We agree with the District Court that Tyrell's discussion of the operation of cell phone towers did not require any "scientific, technical, or other specialized knowledge." FED.R.EVID. 702.  Tyrell's testimony consisted entirely of reading and interpreting Baker's cell phone records, including records detailing the locations of cell phone towers used to carry out his phone calls.  Any cell phone user of average intelligence would be able to understand that the strength of one's cell phone reception depends largely on one's proximity to a cell phone tower.  Even if this were not common knowledge, Tyrell certainly had sufficient training and experience to testify about the operation of cell phone towers.  Tryell had been employed by Sprint for over ten years, including time spent working in the company's electronic surveillance group.  Thus, he had sufficient "personal knowledge" of how cell phone towers operate to testify reliably on this subject. *See Donlin v. Philips Lighting North America Corp.,* 581 F.3d 73, 81 (3d Cir. 2009) ("When a lay witness has particularized knowledge by virtue of her experience, she may testify—even if the subject matter is specialized or technical—because the testimony is based upon a layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702.").

6

did ask the District Court for a variance from the mandatory minimum sentence. Given Baker's substantial criminal history, the District Court noted that it would ordinarily have sentenced him to the top of the Guidelines range. But, the court agreed that a lower sentence was called for, noting the mandatory minimum sentence Baker faced.

The majority of Baker's sentence was the result of a statutory minimum, over which the District Court lacked discretion. Baker does not challenge the imposition of this mandatory sentence on appeal. Instead, he challenges the District Court's imposition of 7.25 years of the 64 years he was eligible for under the advisory Guidelines. Baker contends that the District Court gave undue weight to the Guidelines range and did not meaningfully consider the other § 3553(a) factors. He points to the disparity between his sentence and that of his co-defendant, Clayton. The record, however, provides ample justification for a guideline-range sentence. The District Court considered Baker's request for a variance, but nevertheless determined that he deserved a sentence at the bottom of the Guideline range. Pointing to Clayton's ultimate sentence is no help to Baker. Clayton had not yet been sentenced when Baker was, and Baker did not reference Clayton during the sentencing hearing. Further, Clayton had cooperated with the Government and pleaded guilty to different charges. He was not similarly situated to Baker and any disparity in sentencing was of no moment.

Accordingly, we find no reversible error evident in Baker's sentencing.

## II.

For the foregoing reasons, we will reject Baker's contentions and will affirm the District Court's judgment and sentence.