J-S28023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONTAE OCIE DEMPSEY | : | |
| | : | |
| Appellant | : | No. 1682 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 3, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000202-2024

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 25, 2025**

Appellant, Montae Ocie Dempsey, appeals from the judgment of sentence entered on September 3, 2024, following his jury trial convictions for theft by unlawful taking, conspiracy to commit theft by unlawful taking, receiving stolen property, conspiracy to commit receiving stolen property, conspiracy to commit criminal mischief, conspiracy to commit burglary, and conspiracy to commit criminal trespass.[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago,** 978 A.2d 349 (Pa. 2009). We conclude

---

[1]    18 Pa.C.S.A. §§ 3921(a), 3921(a)/903, 3925(a), 3925(a)/903, 3304(a)(5)/903, 3502(a)(4)/903, 3503(a)(1)(ii)/903, respectively.  The trial court cites the incorrect criminal statutes in its January 24, 2025 opinion.  **See** Trial Court Opinion, 1/24/2025, at 1, n.1-7.  Moreover, we note that the jury also found Appellant not guilty of burglary, criminal trespass, and criminal mischief.

that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independent review of the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the facts of this case as follows:

This case involved a premediated and quick[-]work burglary at the Van Scoy Jewelers located on Penn Avenue in West Reading[, Pennsylvania] on September 24, 2022 in the early morning hours, around 4:00 a.m. A video from surveillance cameras was played and admitted into evidence at trial.[2] The entire burglary took less than 10 minutes. There was a smashed [] front door, smashed display cases, and jewelry taken with a retail value of $391,827.31 and a replacement value of $105,924.04.

Trial Court Opinion, 1/24/2025, at 2.

Thereafter,

[o]n October 3, 2022, some of the stolen jewelry was sold at a pawn shop in Virginia. The pawn [shop prepared] a receipt and included a [tele]phone number given by the customer, along with a copy of the person's identification. The identification provided was a [driver's license from the District of Columbia (D.C.)] for [Appellant]. Wyomissing [detectives] investigated this

---

2   More specifically, the trial court recounted:

The first officers to the scene of the burglary found the Van Scoy Jewelers in chaos. The surveillance video from the store was admitted into evidence and showed [three] suspects, all in hoods, faces covered, and wearing gloves enter the store and burglarize it. Behind the store there was also surveillance recovered [] which showed a silver vehicle traveling west on Hobart Street around the time of the burglary.

Trial Court Opinion, 1/24/2025, at 5.

[tele]phone number[,] obtained a search warrant for the call detail records, [and ultimately learned that Appellant was] the subscriber.

*Id.* Detectives uploaded the location data from Appellant's cellular telephone into a computer program called CellHawk and created a map showing the movement of the device during the 24-hour period around the time of the burglary "from the D.C. area and up to the Wyomissing area where the burglary took place." *Id.* "[Appellant's] cell[ular tele]phone number provided at the time of the pawn transaction also put that cell[ular tele]phone in the area of the Van Scoy Jewelers on the day of the burglary." *Id.* at 5.

Finally,

[a]s part of the investigation, a search warrant was obtained to search the residence of [co-conspirator] Randell Wright. [Appellant's] car was found at Randell Wright's house. In the basement of that residence [were] display items and tags from the jewelry from Van Scoy Jewelers. A truck associated with Randell Wright was also searched and a sledgehammer and shoes were found inside. A sledgehammer was used to break into the jewelry store.

*Id.* at 5-6.

On July 31, 2024, a jury convicted Appellant of the aforementioned crimes. On September 3, 2024, the trial court sentenced Appellant to 18 months to three years of incarceration for theft by unlawful taking, with two additional years of probation for conspiracy to commit burglary. Appellant

filed a timely post-sentence motion on September 11, 2024. By order entered on October 11, 2024, the trial court denied relief. This timely appeal resulted.[3]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an ***Anders*** brief. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the necessary procedural requirements to withdraw as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under ***Anders***, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Finally, counsel must furnish a copy of the ***Anders*** brief to his or her client and advise the client "of [the client's] right to

---

[3] Appellant filed a timely notice of appeal on November 8, 2024. On November 14, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on December 2, 2024. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 24, 2025.

retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel .... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations.[4] We must, therefore, review the entire record and analyze whether this appeal

---

[4] Furthermore, Appellant has not responded to counsel's petition to withdraw.

is, in fact, wholly frivolous.  Our analysis begins with the issue raised in the

*Anders* brief, which is as follows:

> A. Whether the [t]rial [c]ourt properly admitted, over objection, records and printouts from the CellHawk [computer p]rogram which purportedly showed that Appellant's cell[ular tele]hone had been driven from Virgina to Wyomissing, PA and back to Virginia in the time period in which the [b]urglary occurred in Wyomissing[?]

*Anders* Brief at 7.

Appellant contends that the testimony presented at trial "regarding the CellHawk program and the evidence introduced at [t]rial that Appellant's cell[ular tele]hone had made the trip to Wyomissing from Virginia in the early morning hours of September 24, 2022 was hearsay" and should have been excluded from trial. *Id.* at 11.  Appellant maintains that "[t]here was no representative from AT&T to explain how the CellHawk program works" and, therefore, "[t]here was no ability of [d]efense [c]ounsel to cross-exam[ine] on the reliability nor track record of this technology" in light of the fact that the testifying detective "was unable to explain how the system works." *Id.* at 11-12.

"The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Dodd*, 339 A.3d 514, 517 (Pa. Super. 2025) (citation omitted).

This Court has recently determined:

As for testimony about the contents of cell phone records, while expert testimony is permissible, there is precedent for the proposition that, where the testimony is non-technical and not beyond the comprehension of laypersons, said testimony is not expert testimony. The United States Third Circuit Court of Appeals has concluded, for example, that where a witness testifies merely to the contents of cell phone records, including cell-site location information ("CSLI"), or explains that cell phones are "designed to find the strongest signal," this testimony does not require "scientific, technical, or other specialized knowledge," because "[a]ny cell phone user of average intelligence would be able to understand that the strength of one's cell phone reception depends largely on one's proximity to a cell phone tower." ***U.S. v. Baker***, 496 Fed. Appx. 201, 204 n.1 (3d Cir. 2012) (unpublished); ***but cf***. [***Commonwealth v. Vance***, 316 A.3d [183,] 193-194 [(Pa. Super. 2024), *appeal granted*, 332 A.3d 1182 (Pa. 2025)[5]] (concluding that the trial court did not abuse its discretion in permitting an officer, who prepared an expert report about cell phone records including CSLI, specifically, Google GPS location data, to testify as an expert).

Regarding authentication, Pennsylvania Rule of Evidence 901(a) provides that "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Authentication "generally entails a relatively low burden of proof ...." ***Commonwealth v. Kurtz***, 294 A.3d 509, 527 n.12 (Pa. Super. 2023), *appeal granted*, 306 A.3d 1287 (Pa. 2023). Rule 901 may be satisfied by the testimony of a witness with personal knowledge or by circumstantial evidence. ***See id.***

---

[5]  The Pennsylvania Supreme Court granted petition for allowance of appeal in ***Vance*** on January 16, 2025, to determine whether "GPS location data was improperly admitted into evidence without proper authentication" and/or a police detective "was erroneously permitted to testify as an expert regarding [] GPS location data." ***Commonwealth v. Vance***, 332 A.3d 1182 (Pa. 2025). However, "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow [our] controlling precedent as long as the decision has not been overturned by our Supreme Court." ***Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) (citation omitted).

*Commonwealth v. Grubbs*, 330 A.3d 444, 450–451 (Pa. Super. 2025) (internal footnote omitted).

Business records are admissible under Pa.R.E. 803(6)(3), as an exception to hearsay, if kept in the course of a regularly conducted activity of a business. Pa.R.E. 803(6)(3). Pursuant to Pa.R.E. 902(11), a record of a regularly conducted activity is self-authenticating if it is accompanied by a certificate of the custodian. Pa.R.E. 902(11).

Moreover,

GPS data obtained from cellphone records is not hearsay. As this Court has recently explained:

In *Commonwealth v. Wallace*, 289 A.3d 894 (Pa. 2023), our Supreme Court recently held that GPS data is not hearsay evidence. *Id.* at 907-08. The *Wallace* Court explained that GPS location data is not a statement made by a person; rather, it is data collected electronically. *Id.* at 904. As such, GPS location data cannot constitute hearsay because [Pa.R.E.] 801 is clear that "a statement is a written or oral assertion of a *person*." *Id.* (emphasis in original). Accordingly, pursuant to the holding in *Wallace* and the plain language of Rule 801, an automatically generated GPS record [] does not constitute a statement, and therefore, is not hearsay.

*Vance*, 316 A.3d at 189. That is, generally, where information is collected electronically by a computerized device is not a statement made by a person and, therefore, "cannot constitute hearsay." *Wallace*, 289 A.3d at 904.

*Grubbs*, 330 A.3d at 450.

Finally, regarding confrontation of a witness concerning GPS location data, we have stated:

there is no human declarant to be subject to a "confrontation" since, as the Supreme Court pithily stated in *Wallace*, "a machine

- 8 -

cannot be cross-examined." 289 A.3d at 907. Additionally, the right to confront witnesses applies to "testimonial statements." *See Ohio v. Clark*, 576 U.S. 237, 243 (2015) (*citing Crawford v. Washington*, 541 U.S. 36, 54, (2004)); *see also* [*Commonwealth v.*] *Yohe*, 79 A.3d [520,] 531 [(Pa. 2013)]. A statement is testimonial if its primary purpose is "to establish or prove past events potentially relevant to **a later criminal prosecution**." *Commonwealth v. Brown*, 646 Pa. 396, 185 A.3d 316, 319 n. 3 (2018) (emphasis added).

*Vance*, 316 A.3d at 91 (emphasis in original).

Based upon our standard of review, applicable law, and examination of the certified record in this case, we are convinced that the records at issue were electronically-generated and self-authenticating and, thus, properly entered into evidence. Hence, we discern no abuse of discretion or error of law. Here, there is no dispute that Appellant's cellular telephone GPS location data was procured from AT&T and that those records were generated and maintained in the regular course of business. The records were provided with a custodial certificate of authentication which was entered into the record at trial. *See* N.T., 7/29-31/2024, Vol. I, at 153-161. As such, the records were properly authenticated. Moreover, the testimony of the investigating detective about the contents of those cellular telephone records, including cell-site location information, was not beyond the comprehension of laypersons and, thus, the Commonwealth was not required to present expert testimony. Finally, GPS location data is computer generated, not a statement by a person, and therefore, it is not hearsay and not subject to witness confrontation. As such, we find no abuse of discretion or error of law in admitting GPS data location evidence obtained from Appellant's cellular telephone at trial.

Accordingly, we have independently considered the issue raised within counsel's ***Anders*** brief and we have determined that the claim is frivolous. In addition, after independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Hence, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2025